# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DWAYNE ANTHONY BERGER, Inmate # 51925-019, Plaintiff, | :: :: :: :: | CIVIL ACTION NO. 1:06-CV-1775-TCB |
| v. | :: :: | |
| MARSARAH L. KELLY, Defendant. | :: :: | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, an inmate at the Elkton Federal Correctional Institution in Lisbon, Ohio, has submitted the instant pro se civil rights action and an affidavit seeking leave to proceed in forma pauperis. [Docs. 1, 3.] For the purpose of dismissal only, such leave is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915(e)(2) frivolity determination.

### I. 28 U.S.C. § 1915(e)(2) Frivolity Review

A federal court "shall dismiss" an in forma pauperis action "at any time if the court determines that" the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears

AO 72A
(Rev.8/82)

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim). See also Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (stating that "[w]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915") (internal quotations omitted) (persuasive authority affirming the frivolity dismissal, under § 1915(e)(2)(B)(i), of a time-barred § 1983 complaint); White v. Padgett, 475 F.2d 79, 82 (5th Cir. 1973) (noting that a complaint is subject to dismissal for failure to state a claim when the expiration of the limitations period, although an affirmative defense, "clearly appears on the face of the complaint").

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Similarly, to state

a claim for relief pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution of the United States. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). See also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (noting that "as a general matter federal courts incorporate § 1983 law into Bivens actions"). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II. Plaintiff's allegations

In this action against Defendant Marsarah L. Kelly, Plaintiff alleges that Ms. Kelly "willfully and knowingly gave perjured testimony to the Federal Grand Jury and District Court for the Northern District of Georgia" during Plaintiff's criminal proceedings. [Doc. 1 ¶ V.] Based on Ms. Kelly's perjured testimony, Plaintiff was sentenced to 129 months in federal prison for crimes he did not commit. [Id.] Then, while in prison, Plaintiff received an affidavit from Ms. Kelly, as well as "numerous

AO 72A
(Rev.8/82)

other letters," indicating that she had lied with respect to several matters at issue in Plaintiff's trial. Ms. Kelly stated in her affidavit that "she was compelled by the government to make numerous inculpatory statements with regard to [Plaintiff] to avoid a harsh penalty and to receive a reduced sentence." [Id.] There is no indication in Plaintiff's complaint that Ms. Kelly, who was a co-defendant at Plaintiff's trial, see infra, has ever been a state or federal agent or that she was acting under color of either state law or federal authority when she testified against Plaintiff. [See generally id.] Plaintiff seeks damages from Ms. Kelly and a hearing to clear his name. [Id. ¶ VI.]

### III. Discussion

**A.     State actor requirement**

Plaintiff may pursue 42 U.S.C. § 1983 relief only against persons who have acted under color of state law, which typically excludes relief against private parties. "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130, 1133 (11th Cir. 1992) (noting that a private actor may be liable under § 1983 if she was "a willful participant in joint action with the State or its agents," but "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons"). See Howard v. Wal-Mart, 175

4

Fed. Appx. 282, 283 (11th Cir. Mar. 15, 2006) (unpublished opinion) (stating that "[t]he federal constitution does not protect against injuries by purely private individuals . . .").

Therefore, in order to state a claim for relief in either a § 1983 or a <u>Bivens</u> action against Ms. Kelly, who is a private party, Plaintiff must plead detailed, material facts showing that Ms. Kelly conspired with at least one state or federal agent to violate Plaintiff's constitutional rights. The Court takes judicial notice, however, that Plaintiff previously filed a motion for a new trial in his criminal proceedings, asserting that Ms. Kelly's affidavit, apparently the same one to which he refers herein, established his innocence. <u>See</u> <u>United States v. Kelly</u>,[1] Criminal Action No. 1:00-CR-0833-ODE, Docket Entry 172 at 4 (Eleventh Circuit judgment affirming the denial of Plaintiff's motion for a new trial). Judge Evans held an evidentiary hearing on the matter, during which Ms. Kelly denied having testified falsely at Plaintiff's trial. <u>Id.</u> Accordingly, the Court concludes herein that the factual allegations supporting Plaintiff's claims are "clearly baseless" and do not set forth a nonfrivolous claim for relief in either a § 1983 or a <u>Bivens</u> action. <u>See</u> <u>Carroll</u>, 984 F.2d at 393.

---

[1] As is apparent from the style and record of that criminal action, Ms. Kelly was a co-defendant at Plaintiff's trial.

5

**B.   Statute of limitations**

"The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years." Thigpen v. Bibb County, 223 F.3d 1231, 1243 (11th Cir. 2000). See Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (stating that a § 1983 claim accrues, and the statute of limitations begins to run, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights"); Ashcroft v. Randel, 391 F. Supp. 2d 1214, 1219 (N.D. Ga. 2005) (Story, J.) (noting that the federal "discovery rule" governing the accrual of § 1983 and Bivens actions provides that "a claim accrues when the injured party knew or should have known both (1) that he has suffered the injury that forms the basis of his complaint and (2) who inflicted that injury").

The Court notes the following time line. The guilty verdict against Plaintiff was returned on November 8, 2001. United States v. Kelly, Docket Entry 130. Plaintiff's order of judgment and commitment was entered on February 6, 2002. Id., Docket Entry 142. The Eleventh Circuit's affirmance of Plaintiff's convictions was docketed on August 21, 2002. Id., Docket Entry 153. Plaintiff filed a motion for a new trial on February 3, 2003, based on newly discovered evidence, namely, Ms. Kelly's affidavit

6

allegedly recanting her trial testimony. Id., Docket Entry 154. On April 3, 2003, Judge Evans held an evidentiary hearing on Plaintiff's motion and denied it. Id., Docket Entry 158. The Eleventh Circuit affirmed the denial of that motion in an order issued on June 30, 2004. See id., Docket Entry 172 (Entered Sep. 30, 2004). Plaintiff signed and submitted the instant action on June 7, 2006. [Doc. 1.]

The only event in the foregoing time line that occurred within two years of Plaintiff's filing the instant action was the Eleventh Circuit's affirmance of the denial of his motion for a new trial. However, well before that time, and in any event no later than April 3, 2003 – when, at the evidentiary hearing on Plaintiff's motion for a new trial, Ms. Kelly re-affirmed her trial testimony – Plaintiff knew or should have known the facts supporting his purported claim against Ms. Kelly herein. Nevertheless, he waited more than three years to file the instant action, which was too late, even if he could state a claim for relief under § 1983 or Bivens. Moreover, the Court is not aware of any other basis in federal statutory or constitutional law upon which Plaintiff could state a claim against Ms. Kelly, and Plaintiff has not suggested any.[2]

---

[2] Furthermore, to the extent that Plaintiff could state a claim within the diversity jurisdiction of this Court based on a state law cause of action such as defamation or slander, the statute of limitations has long since expired on any such claim. See O.C.G.A. § 9-3-33 (stating that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the

7

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED**. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED** this 18th day of September, 2006.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

---

reputation, which shall be brought within one year . . ."); Lively v. McDaniel, 522 S.E.2d 711, 713 (Ga. App. 1999) (stating that, "[u]nder O.C.G.A. § 9-3-33, a party has one year to bring a suit for slander, which begins to run once the slanderous statement is uttered"); Brewer v. Schacht, 509 S.E.2d 378, 383 (Ga. App. 1998) (stating that "[a]ctions for injuries to the reputation . . . must be brought within one year from the date of the alleged defamatory acts regardless of whether or not plaintiff had knowledge of the act or acts at the time of their occurrence").

AO 72A
(Rev.8/82)